MARIE SPETELUNAS *vs.* ARTHUR J. DUBUC.

FEBRUARY 8, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This action of the case was brought to re-

cover rent paid in excess of the maximum fixed for certain premises under the provisions of 50 U.S.C.A. App., §1895. The case was tried before a jury in the superior court, and at the conclusion of the plaintiff's case the trial justice granted the defendant's motion for a nonsuit. The case is before us solely on the plaintiff's exception to the ruling granting defendant's motion for a nonsuit, all her other exceptions having been expressly waived.

It was not substantially disputed that in October 1949 defendant was the owner of a building located at 176 Gallup street in the city of Providence. Among other dwelling units in said building there was a two-room apartment which was supplied with cold water and provided with a flush toilet. Furthermore it was not disputed that the maximum rent chargeable for this apartment under the provisions of the pertinent law was fixed·at $8 monthly.

The plaintiff rented the premises during the month of October 1949. The rental to her was first fixed at $10 weekly and was later raised to $12 per week for reasons which have no bearing upon the issues raised during the trial. The plaintiff continued to occupy the apartment and paid rent at the rate of $12 weekly until September 1951. It is clear from the evidence that during the period between October 1949 and September 1951 defendant did not at any time apply for or obtain an increase in the maximum rental for these premises.

The plaintiff admitted in her testimony that in addition to receiving possession of the apartment she also, during the period under consideration, had the use of certain furniture, dishes, silverware, electricity and heat furnished by defendant. She further conceded that these furnishings and services were provided for her at no increased cost other than the agreed rent of $12 weekly.

On defendant's motion for a nonsuit, the trial justice took the position that "rent" as generally defined is the consideration paid for the right to possession of the demised

premises, and that it does not include payment made for furnishings or services provided by a landlord over and above the right to possession. The trial justice stated further that the definition of "rent" contained in the statute did not enlarge such definition as stated by him. He thereupon held that plaintiff had failed to prove. that she had paid "rent" in excess of the legal maximum of $8 monthly and he granted defendant's motion for a nonsuit.

We cannot agree that the definition of "rent" as contained in the statute, even when strictly construed, does not give a broader meaning to such term than that given it by the trial justice in granting the motion for a nonsuit. The definition contained in the statute, 50 U.S.C.A. App., §1892 (e), is as follows: "The term 'rent' means the consideration, including any bonus, benefit, or gratuity demanded or received for or in connection with the use or occupancy of housing accommodations, or the transfer of a lease of housing accommodations."

It is to be noted that under the statutory definition the term "rent" means the consideration given for "the use or occupancy of housing accommodations." We are of the opinion that according to federal court decisions this definition is broad enough to include payments made to a landlord for furnishings or services provided a tenant either under the rental agreement or as inducements to enter into such agreement. Therefore, we think that on this evidence whatever was paid to defendant here for the furnishings and services could have been found by the jury under appropriate instructions to be "rent" within the meaning of the statute.

Under our well-established rule a trial justice, on a motion for a nonsuit, is required to construe the evidence in the light most favorable to the plaintiff and to draw therefrom every inference favorable to him. When the evidence in the instant case is examined in the light of this rule, it is clear the jury could have found that the payments in excess of

the legal maximum rent established were in fact payments of rent for the premises in excess of that maximum established under the law. In such circumstances the motion for a nonsuit should have been denied.

The plaintiff's exception to the granting of a nonsuit is sustained, and the case is remitted to the superior court for a new trial.

*Isidore Kirshenbaum*, for plaintiff.

*Anthony Grilli*, for defendant.